UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRIAN POWERS,

   Plaintiff,

  v.

CITY OF REDWOOD CITY, et al.,

   Defendants.

Case No. 25-cv-10800-JST

**ORDER STRIKING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Re: ECF No. 37

On July 2, 2026, Defendant Monica Martinez filed a motion to dismiss Plaintiff's first amended complaint. ECF No. 36. The following day, Plaintiff filed a motion for leave to file a second amended complaint. ECF No. 37. He represents that the sole change he seeks to make is "adding Defendant Monica Martinez, M.D. to the header of the First Cause of Action for interference with familial association." *Id.* at 2.

Defendants City of Redwood City and County of San Mateo each filed motions to dismiss Plaintiff's first amended complaint on July 6, 2026. ECF Nos. 41, 42.

Courts have responded differently when a plaintiff files a motion for leave to amend while a motion to dismiss is pending. Many courts hold that "[w]here, as here, a motion to dismiss or strike a pleading is pending, courts generally do not decide requests for leave to amend that pleading until the motion to dismiss or strike is resolved." *Gordon v. Newsom*, No. 2:24-CV-06476-MRA-AS, 2025 WL 2014317, at *4 (C.D. Cal. June 11, 2025) (citing cases).

By contrast, some courts simply consider the motion to dismiss as being addressed to the proposed amended complaint. *See, e.g.*, *Wright v. Incline Vill. Gen. Imp. Dist.*, 597 F. Supp. 2d 1191, 1198 (D. Nev. 2009). In the view of these courts, "Defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion

was pending.  If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading." *Id.* (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1476 (2d ed. 1990)).

In this case, the Court will strike Plaintiff's motion for leave to amend without prejudice to refiling following the resolution of the pending motions to dismiss.  It is not clear that his proposed amended complaint cures all the deficiencies, if any, in the first amended complaint.  Moreover, in addition to the arguments made by Defendant Martinez, the Court must also consider those made by the other defendants.  In evaluating these arguments, the Court will consider whether Plaintiff's proposed amended complaint cures any deficiencies identified by the Court.  *See Phillips v. Cobham Advanced Elec. Sols., Inc.*, No. 23-CV-03785-EKL, 2025 WL 4481078, at *3 (N.D. Cal. Mar. 21, 2025) ("Additionally, Plaintiffs have identified additional facts that may be alleged in a fourth amended complaint to address some of the pleading deficiencies identified above.").

**IT IS SO ORDERED.**

Dated:  July 7, 2026

_____
JON S. TIGAR
United States District Judge